UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELMO SPRUEL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO._____** |
| | * | |
| **TRANSOCEAN HOLDINGS, L.L.C.;** | * | **SECTION:_____** |
| **TRANSOCEAN OFFSHORE DEEPWATER** | * | |
| **DRILLING, INC.; AND TRANSOCEAN** | * | |
| **DEEPWATER, INC.** | * | |

**COMPLAINT FOR DAMAGES**

The Complaint of **Elmo Spruel**, a person of the full age of majority respectfully represents the following:

1.

The named defendants herein are:

**TRANSOCEAN HOLDINGS, L.L.C.,** a foreign corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court;

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.,** a foreign corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court; and

**TRANSOCEAN DEEPWATER, INC.,** a foreign corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court;

(hereinafter collectively "TRANSOCEAN").

2.

This claim is an admiralty and maritime claim brought in this Court pursuant to the General Maritime Law, and is specifically designated as such within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Defendants are truly and justly indebted to petitioner jointly and *in solido* for all damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid and all costs of these proceedings, by reason of the following:

4.

On or about April 16, 2010, petitioner was working in federal waters on the Deepwater Horizon rig, owned and/or operated by defendant, **TRANSOCEAN**, off the coast of Louisiana.

5.

While acting within the course and scope of his employment with Halliburton, petitioner received serious and disabling injuries to his right arm and wrist.

6.

Petitioner was working between two large tanks and was required to manually transport large pieces of pipe to a different location on the rig, due to the rig's crane, which would normally be used, being out of commission.  Petitioner shouldered the pipe and then proceeded to move in the direction of the unloading area when he tripped over a cinderblock, owned and maintained by **TRANSOCEAN**, which was under one of the tanks and protruding enough to hinder passing, yet not easily visible.

7.

Petitioner subsequently fell to the deck of the rig and landed on his right hand, bending his fingers back, causing permanent nerve damage.

8.

As a result of the incident described above, petitioner suffered severe and debilitating injuries to various parts of his body, including, but not limited to, his right arm.

9.

As a result of the disability caused by the injuries suffered by petitioner, he will no longer be able to engage in his chosen occupation and will suffer a substantial loss of earnings, both past and future.

10.

Because of these injuries, petitioner has endured and will continue to endure extreme physical and mental pain, suffering and disability, and he has sustained a substantial loss of his enjoyment of life.

11.

It is alleged, upon information and belief, that the damages and injuries suffered by petitioner were caused by the negligence of **TRANSOCEAN** in the following non-exclusive respects:

    a.    Failure to recognize the dangerous circumstances surrounding the task being performed at the time of the accident;

    b.    Failure to provide proper equipment for movement of materials on the rig;

    c.    Failure to provide plaintiff with a safe place to work; and

    d.    Any and all other acts of negligence, and/or fault which may be proven at the trial

of this matter or discovered prior thereto.

12.

As a result of the negligence of defendant, **TRANSOCEAN**, petitioner alleges he has sustained damages as follows:

a. General damages, including past and future physical and mental pain, suffering, permanent disability and disfigurement; and loss of enjoyment of life;

b. Past and future medical expenses;

c. Past and future loss of wages and earning capacity; and

d. Any and all other damages which may be proven at the trial of this matter.

**WHEREFORE,** petitioner prays that the named defendants be served with a certified copy of this Complaint For Damages, and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of petitioner, **ELMO SPRUEL**, and against the **TRANSOCEAN** defendants, jointly and *in solido* for all damages that are reasonable in the premises, together with legal interest and for all costs of these proceedings; and further, for all general and equitable relief which the court deems necessary and proper under the circumstances.

Respectfully submitted,

  /s/ Christopher J. St. Martin                 .
**CHARLES C. BOURQUE, JR. (#20118)**
**CHRISTOPHER J. ST. MARTIN (#26122) T.A.**
**JOSEPH G. JEVIC, III (#23145)**
**ADAM J. TRIPLETT (#32058)**
ST. MARTIN & BOURQUE
P.O. Box 2017
Houma, Louisiana   70361
Telephone: (985) 876-3891
Attorneys for Petitioner

**SERVICE INFORMATION:**

**TRANSOCEAN HOLDINGS, L.L.C.**
**Via the Louisiana Long-Arm Statute**
**Through its agent for service of process:**
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.**
**Via the Louisiana Long-Arm Statute**
**Through its agent for service of process:**
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**TRANSOCEAN DEEPWATER, INC.**
**Via the Louisiana Long-Arm Statute**
**Through its agent for service of process:**
Capitol Services, Inc.
615 South Dupont Highway
Dover, DE  19901